```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF LOUISIANA
----------------------------------------------------x
DISABILITY RIGHTS LOUISIANA,           :
                                       :    CASE NO.: 3:24-cv-00554-JWD-SDJ
vs.                                    :
                                       :    Judge: John W. DeGravelles
NANCY LANDRY, in her official capacity :
as Secretary of State of the State of  :    Magistrate: Scott D. Johnson
Louisiana; and ELIZABETH MURRILL, in   :
her official capacity as Attorney General of :
the State of Louisiana                 :
----------------------------------------------------x
```

# JOINT STATUS REPORT[1]

**A.    JURISDICTION**

Plaintiff:

This is an action for declaratory and injunctive relief under the Supremacy Clause of the United States Constitution, article VI, clause 2; Section 208 of the Voting Rights Act, 52 U.S.C. § 10508; and 42 U.S.C. § 1983. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiff notes that the Attorney General provides arguments concerning class action issues. However, this case is not brought as a class action.

Defendant Nancy Landry, in her official capacity as Secretary of State of Louisiana:

Secretary Landry contends that the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff lacks standing to bring this action. In addition to lack of standing,

---

[1] This status report was created jointly with input from Plaintiffs and Defendants, Nancy Landry and Elizabeth Murrill. On the morning of September 26, 2024, Plaintiffs were notified by Defendants that after jointly creating this status report, that they did not want to include their signature block. Plaintiff disagrees with their position that because Plaintiff has a responsibility to file this status report that Defendants' signature blocks should not be included, particularly since the contents of the document were created jointly. In compliance with the request, Defendants' signature block has been removed, but the inserts provided by all parties are included.

1

Secretary Landry is also entitled to sovereign immunity for Plaintiff's claims arising under 42 U.S.C. § 1983. Additionally, Plaintiff's claims related to the witness requirements for absentee ballots is not ripe for adjudication.

<u>Attorney General</u>.

The Attorney General disputes jurisdiction. Plaintiff lacks standing to bring the action under the *Lujan* standard. There is no indication under the terms of the challenged statutes that a ballot will be invalidated no matter how delivered, even if delivered in violation of the statute. Claims of potential injury to a class of voters with disabilities are remote, speculative, and conjectural falling well short of the pleading requirements in Rule 8 and shy of the concrete and particular injury requirement of *Lujan* and its progeny.

Additionally, the claim is barred by sovereign immunity as to the Attorney General.

**B.     BRIEF EXPLANATION OF THE CASE**

    **1.     Plaintiff:**

Disability Rights Louisiana ("DRLA") is a non-profit corporation organized under the laws of the State of Louisiana. DRLA is a protection and advocacy agency ("P&A"), as that term is defined under the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15041 *et seq.*("PADD"), the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 *et seq.* ("PAIMI"), and the Protection and Advocacy of Individual Rights Act, 29 U.S.C. § 794e *et seq.* ("PAIR" and collectively, the "P&A" Acts). DRLA serves clients across Louisiana.

During the 2024 legislative session, four new Louisiana statutes were passed which DRLA contends violate Section 208 of the Voting Rights Act. The

Statutes at issue in this case are Louisiana Act No. 302 (formerly SB 155), Act No. 317 (formerly SB 218), Act No. 380 (formerly HB 476), and Act No. 712 (formerly HB 581) ("Statutes at Issue").[2]

Plaintiff alleges that language from Act No. 380 (formerly HB 476) and Act No. 317 (formerly SB 218) violate the Voting Rights Act by prohibiting anyone from assisting with delivery of more than one absentee ballot and criminalizes the same. Plaintiff further alleges language from Act No. 712 (formerly HB 581) and Act No. 302 (formerly SB 155), and R.S. 18:1306(E)(2)(a) violate the Voting Rights Act by prohibiting anyone from serving as a witness on more than one ballot or assisting more than one individual with their absentee ballot and criminalizes the same. These restrictions conflict with the requirement of Section 208 of the Voting Rights Act which entitles individuals with disabilities to assistance by "a person of the voter's choice…."

DRLA alleges that its constituents—individuals with disabilities in Louisiana—are harmed by the Statutes at Issue. Accordingly, DRLA has associational standing to bring this lawsuit. DRLA is the functional equivalent of a voluntary membership organization that was created by Congress to protect and advocate for DRLA's Louisiana constituents. DRLA's constituents possess sufficient indicia of membership for DRLA to represent them in this suit.

DRLA sues two defendants. DRLA sues Nancy Landry, in her official capacity, as the Secretary of State of Louisiana. Secretary Landry is the chief

---

[2] Also challenged in this action is R.S. 18:1306(E)(2)(a), which emanated from 2020 Louisiana Act 210 (formerly SB 75). The challenged language from R.S. 18:1306(E)(2)(a) did not have any teeth until Louisiana Act No. 302 (formerly SB 155) and Louisiana Act No. 712 (formerly HB 581) were recently passed.

3

election official for Louisiana. DRLA also sues Elizabeth Murrill, in her official capacity, as the Louisiana Attorney General. The responsibilities of the Louisiana Attorney General's Office include investigation of violations of criminal laws, prosecution of criminal cases, providing assistance to district attorneys in criminal cases, and maintaining "integrity in government[.]"

DRLA seeks injunctive and declaratory relief and attorneys' fees and costs. The purpose of this case is to get the Statutes at Issue declared in violation of Section 208 of the VRA and for this Court to enjoin Defendants' enforcement of the Statutes at Issue.

Given that the focus of this case is the legality of the Statutes at Issue, it is DRLA's position that the discovery period in this case should be expedited so that dueling motions for summary judgment can be filed expeditiously.

Finally, DRLA does not see any prospect of an amicable resolution. The Statutes at Issue were passed by the Louisiana legislature and signed into law by the Governor. This is a case where the outcome must be resolved by judicial decision.

**2.    Defendants:**

Defendant Landry:

Plaintiff, Disability Rights of Louisiana ("DRLA" or "Plaintiff"), alleges that certain legislation enacted during the 2024 Regular Session of the Louisiana Legislature violates Section 208 of the Voting Rights Act ("VRA"), 52 U.S.C.A. § 10508, and the Supremacy Clause of the Constitution. Plaintiff contends that "[t]he four new Louisiana statutes at issue are Louisiana Act

No. 302 (formerly SB 155), Act No. 317 (formerly SB 218), Act No. 380 (formerly HB 476), and Act No. 712 (formerly HB 581)."[3]

Plaintiff alleges that these statutes suffer from two "infirmities"[4]:

1. Language from Act No. 380 and Act No. 317 violates the requirement of Section 208 of the VRA entitling individuals with disabilities to assistance "by a person of the voter's choice" by prohibiting anyone from assisting with the delivery of more than one absentee ballot and criminalizes the same.[5]

2. Language from Act 712 and Act 302 and R.S. 18:1306(E)(2)(a) violate the text of the VRA which entitles individuals with disabilities to assistance "by a person of the voter's choice" by prohibiting anyone from serving as a witness on more than one ballot or assisting more than one individual with their absentee ballots and criminalizes same.[6]

The following chart sets forth which provisions of law Defendant believes to be at issue in the present suit:

| **Act and Effective Date** | **Revised Statute Amended** | **Text of Amendment** |
|---|---|---|
| *Alleged "Infirmity #1" – delivery of absentee ballots* | | |
| Section 1 of Act 380 of 2024<br><br>*Effective August 1, 2024* | 18:1308(B)(1) | B.(1)...No person except the immediate family of the voter, as defined in this Code, shall ~~hand deliver~~[7] submit by any means or send for delivery by the United States Postal Service or commercial carrier more than one marked ballot per election to the registrar. |
| Section 1 of Act 317 of 2024<br><br>*Effective January 1, 2025* | 18:1307(B)(1)(a)(i) | B.(1)(a)(i) An application to vote by mail may be delivered to the registrar by any means, including the United States Postal Service, commercial delivery service, hand delivery, or facsimile. No person except the |

---

[3] Doc. 39, para. 4.
[4] Doc. 39, para. 5.
[5] Doc. 39, para. 6.
[6] Doc. 39, para. 7.
[7] Stricken text indicates deletions from existing law.

5

| | | |
|---|---|---|
| | | immediate family member of the voter, as defined in this Code, shall submit by any means or send for delivery by the United States Postal Service or commercial courier more than one marked ballot application per election to the registrar of voters. |
| Section 2 of Act 317 of 2024<br><br>*Effective May 28, 2024* | 18:1461.7(A) | A. No person shall knowingly, willfully, or intentionally:<br>\*\*\*<br>(6) Facilitate the distribution and collection of absentee by mail ballot applications or absentee by mail ballots in violation of this Title. |
| *Alleged "Infirmity #2" – witness requirements for absentee ballots* | | |
| Section 1 of Act 210 of 2020<br><br>*Effective June 11, 2020* | 18:1306(E)(2)(a) | E.(2)(a)...No person except the immediate family member of the voter, as defined in this Code, shall witness more than one [witness] certificate of a voter.[8] |
| Section 1 of Act 302 of 2024<br><br>*Effective August 1, 2024* | 18:1310(C)(1) | C.(1) Any person who assists a voter in voting absentee by mail shall execute the acknowledgment on the certificate prepared by the secretary of state, verifying that the person providing the assistance has marked the ballot in the manner dictated by the voter, and the signature on the acknowledgment by the person providing assistance may serve as the signature of the witness required by R.S. 18:1306(E)(2)(a). No person except the immediate family member of the voter, as defined in this Code, or an employee of the registrar of voters or the election division of the Department of State shall assist with the certificate of more than one voter. |
| Section 2 of Act 302 and Section 1 of Act 712 of 2024<br><br>*Effective July 1, 2025* | 18:1461.7(A) | A. No person shall knowingly, willfully, or intentionally:<br>\*\*\* |

---

[8] Underlined text indicates additions to existing law.

6

| | | (7) Witness the certificate of more than one voter who is not an immediate family member in violation of R.S. 18:1306.[9] |
|---|---|---|

Plaintiff contends that these laws "contain new restrictions on absentee voting that impose criminal penalties on certain forms of assistance for absentee voters, including absentee voters with disabilities. These restrictions will cause some people with disabilities to be unable to receive assistance with voting from the person of their choice that they trust, causing them to be disenfranchised."[10]

Plaintiff seeks a declaration that "Louisiana Act No. 302, Act No. 317, Act No. 380, Act No. 712, and R.S. 18:1306(E)(2)(a) violate Section 208 of the Voting Rights Act, 52 U.S.C. §10508, and the Supremacy Clause and are thereby preempted to the extent of their conflict with federal law." Plaintiff seeks injunctions enjoining Defendants from implementing and enforcing, and from issuing any instructions to implement or enforce the Acts and statute cited above to the extent or in a manner that they conflict with federal statutes or federal law. Plaintiff seeks an order that Defendant rescind any instruction "indicating that voters may not seek assistance from any person of their choice with the completion and delivery of absentee ballots by mail" as well as an order to issue corrective instructions that voters who require assistance "due to blindness, disability, or inability to read or write" may continue to seek assistance from the person of their choice. Plaintiff also seeks other remedial relief "based on the timing of the injunction" and attorney fees and costs.

---

[9] Section 1 of Act 712 reads, "(7) Witness more than one certificate of a voter who is not an immediate family member in violation of R.S. 18:1306."
[10] Doc. 39, para. 39.

Secretary Landry contends that the Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff lacks standing to bring this action. DRLA is a membership organization whose members consist of its board of directors. As a membership organization, DRLA must establish that at least one member suffered or will suffer an injury-in-fact, which it cannot do. Alternatively, Plaintiff's purported "constituents" lack sufficient "indicia of membership" in DRLA and have not suffered or will suffer an injury-in-fact. Additionally, any alleged injury to Plaintiff's members or purported constituents is not caused by the challenged conduct of Secretary Landry.

In addition to lack of standing, Secretary Landry is also entitled to sovereign immunity for Plaintiff's claims arising under 42 U.S.C. § 1983. The *Ex Parte Young* exception to sovereign immunity does not apply to Plaintiff's claims because Secretary Landry lacks the requisite connection to the enforcement of the challenged laws. Additionally, Plaintiff's claims related to the witness requirements for absentee ballots is not ripe for adjudication because the criminal penalty challenged by Plaintiff does not become effective until July 1, 2025.

In the event the Court determines it has subject matter jurisdiction, Plaintiff has not met the requirements of F.R.C.P. 23 to bring this suit as a class action "on behalf of all individuals with disabilities in Louisiana who need assistance with voting or with the submission or mailing of their ballot."[11] *See Tellis v. LeBlanc,* No.18-cv-0541 (W.D. La. 4/3/19), 2019 WL 1474777 ("[T]he Fifth Circuit has observed that the associational standing inquiry is an altogether separate question from class certification." Citations omitted).

Plaintiff is not entitled to relief from Secretary Landry because she is not responsible for the enforcement of the challenged laws. The Secretary of State does not prosecute violations of criminal law, including alleged violations of the Election Code. Moreover, the challenged laws are

---

[11] Doc. 39, para. 26.

not preempted by the Voting Rights Act because they pose no "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." The challenged laws will not disenfranchise any individual with disabilities of his right to vote, because violation of these statutes cannot serve to invalidate his vote. An absentee mail ballot is not subject to challenge if an individual assisted with delivery of more than one absentee ballot or if anyone served as a witness on more than one individual with an absentee ballot. Likewise, La. R.S. 18:1461.7(A)(6) (effective May 28, 2024) does not "criminalize" anyone from "assisting with the delivery of more than one absentee ballot. The criminal offense set forth in La. R.S. 18:1461.6(A) is the facilitation of the <u>distribution and collection</u>, not the <u>submission</u> of more than one absentee by mail ballot to the registrar.

<u>Attorney General:</u>

Plaintiff alleges that they represent a class of plaintiffs consisting of all individuals with disabilities in Louisiana who need assistance with voting or with the submission or mailing of their ballot. The individuals are unnamed and plaintiff alleges that it represents the members of the class. Accordingly, the case must proceed under FRCP 23.

The suit challenges discrete Acts of the Legislature enacted in the 2024 Regular Legislative Session as identified in the Amended Complaint on the grounds that the subject Acts may penalize conduct allegedly protected by the Voting Rights Act.

However, the Attorney General is not charged with the primary responsibility of prosecuting offenses under the statute and cannot be sued for prospective and contingent enforcement that may or may not occur. District Attorneys in the State of Louisiana prosecute offenses under state statutes with the Attorney General's involvement wholly secondary and contingent upon District Attorney decisions relative to prosecutions.

As to the contested Acts, one is not yet effective, and the claim in that regard is not ripe. Otherwise and contrary to the Plaintiff's allegations, the Acts only prohibit the distribution and collection of ballots, and in no wise violates the Voting Rights Act.

Beyond that, the Attorney General adopts the positions taken by defendant Landry on the merits of the claim.

### PENDING MOTIONS

As of this filing, there are no pending motions. However, Secretary Landry anticipates filing a Motion to Dismiss Plaintiff's Amended Complaint by the deadline of October 4, 2024.

However, the Attorney General intends to file a motion to dismiss by October 4, 2024.

**C.    ISSUES**

    **1.    Plaintiff:**

        A. Whether Plaintiff has associational standing.

        B. Whether Act No. 380 (formerly HB 476) and Act No. 317 (formerly SB 218) violates the text of the Voting Rights Act by prohibiting anyone from assisting with delivery of more than one absentee ballot and criminalizes the same.

        C. Whether Act No. 712 (formerly HB 581) and Act No. 302 (formerly SB 155), and R.S. 18:1306(E)(2)(a) violate the text of the Voting Rights Act by prohibiting anyone from serving as a witness on more than one ballot or assisting more than one individual with their absentee ballot and criminalizes the same.

        D. Whether the restrictions in the above statutes conflict with the requirement of Section 208 of the Voting Rights Act which entitles individuals with disabilities to assistance by "a person of the voter's choice…."

    E.   Whether the statutes at issue are preempted by Section 208 of the Voting Rights Act.

    F.   The scope of the injunctive relief that should issue.

    G.   The timing of the injunctive relief that should issue.

    **2.**   **Defendants:**

<u>Defendant Nancy Landry in her official capacity as Secretary of State of Louisiana:</u>

A. Whether Plaintiff has standing.

B. Whether Defendant is entitled to sovereign immunity as to Plaintiff's claims arising under 42 U.S.C. § 1983.

C. Whether Plaintiff's claims related to the witness requirements for absentee ballots are ripe for adjudication.

D. Whether Plaintiff is entitled to relief from Secretary Landry.

E. Whether the challenged laws are preempted by the Voting Rights Act.

F. Whether the challenged laws violate the Voting Rights Act.

<u>Attorney General:</u>

A. Whether sovereign immunity bars the claim against the Attorney General.

B. Whether plaintiff has standing to maintain the suit.

C. Whether the Acts challenged in the suit conflict with the Voting Rights Act.

D. Whether the elements of Rule 23 are satisfied in order to certify a class.

**E.**   **DAMAGES**

    No party seeks damages in this action.

**F.**   **SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

None.

**G.   DISCOVERY**

1.   Initial Disclosures:

   A.   Have the initial disclosures required under FRCP 26(a)(1) been completed?

No.

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

   B.   Do any parties object to initial disclosures?

Yes.

For any party who answered *yes*, please explain your reasons for objecting.

<u>Defendant Nancy Landry</u>:

Defendant Landry objects to exchanging initial disclosures prior to the Court's ruling on her anticipated Motion to Dismiss.

2.   Briefly describe any discovery that has been completed or is in progress:

   **By Plaintiffs:**

   No discovery has been completed to date. Any party has been permitted to propound discovery since September 9, 2024, the date the parties conducted their Rule 26(f) conference.

   **By Defendants:**

   No discovery has been completed to date.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

>   None anticipated.

4. Discovery from experts:
   Identify the subject matter(s) as to which expert testimony will be offered:

>   None anticipated. The focus of this case is a legal dispute.

## H. PROPOSED SCHEDULING ORDER[12]

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

   Plaintiff:

   >   October 10, 2024            .

   Defendant Nancy Landry:

   Defendant Landry proposes that initial disclosures be made after the Court has ruled on her anticipated Motion to Dismiss.

2. Recommended deadlines to join other parties or to amend the pleadings[13]:
   >       NONE  .

3. Filing all discovery motions and completing all discovery except experts:

   Plaintiff:

   >       Friday, February 28, 2025       .

   >   The Attorney General accepts this date for class discovery and proposes a deadline of July 10, 2025 for the completion of merits discovery.

---

[12] The proposed scheduling order must include actual calendar dates rather than time periods that require calculation (e.g. March 21, 2017 not 90 days before pretrial conference.

[13] Supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents. See LR 7(e).

     Defendant Nancy Landry:

     Defendant proposes a 100-day time period for discovery, starting after the Court issues a ruling on her anticipated Motion to Dismiss.

4.    Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

     Plaintiff:
         Plaintiff(s):   Friday, December 6, 2024  .
         Defendant(s):   Friday, January 10, 2025  .

     Defendant Nancy Landry:

     Defendant Landry proposes a deadline of 30 days after the Court issues a ruling on her anticipated Motion to Dismiss for Plaintiff to disclose the identities and resumes of expert witnesses.
     Defendant Landry proposes a deadline of 60 days after the Court issues a ruling on her anticipated Motion to Dismiss for Defendants to disclose the identities and resumes of expert witnesses.

5.    Exchange of expert reports:

     Plaintiff:
         Plaintiff(s):   Friday, January 10, 2025  .
         Defendant(s): Friday, February 7, 2025  .

     Defendant Landry:

     Defendant Landry proposes a deadline of 45 days after the Court issues a ruling on her anticipated Motion to Dismiss for Plaintiff to produce its expert report(s).

     Defendant Landry proposes a deadline of 75 days after the Court issues a ruling on her anticipated Motion to Dismiss for Defendants to produce their expert reports.

6.    Completion of discovery from experts:

     Plaintiff:

         Friday, February 28, 2025.

         The Attorney General suggests August 4, 2025.

     Defendant Landry:

        Defendant Landry proposes a deadline of 60 days from Defendants' expert report deadline.

7. Filing dispositive motions and Daubert motions:

   Plaintiff:

   Friday, March 14, 2025

   Defendant Landry:

   Defendant Landry proposes a deadline of 60 days from the expert discovery deadline.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[14] The parties should not provide any proposed dates for these remaining deadlines.
   a. Deadline to file pre-trial order[15] (approximately 16 weeks after dispositive motion deadline).
   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).
   c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).
   d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).
   e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).
   f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).
   g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[14] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under paragraph numbers 7 or 8 must be by motion directed to the presiding judge.

[15] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

15

**I.    TRIAL**

1.    Has a demand for trial by jury been made?

No.

2.    Estimate the number of days that trial will require.

Three days.

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

Yes.

    i.    If the answer is *yes*, please explain:

Plaintiff seeks an expedited schedule for this action. The primary issues in this case are legal, not factual, and the longer this case is delayed the more the voting rights of individuals with disabilities will be impaired. Given the lack of need for substantial discovery, an expedited schedule is feasible.

Defendant Landry would like to discuss deferring the setting of a scheduling order and deadlines contained therein until after the Court has ruled on her anticipated Motion to Dismiss (to be filed on or before October 4, 2024), which includes a motion for dismissal due to lack of subject matter jurisdiction. Plaintiff objects to the request to defer the setting of a scheduling order or of deferring discovery.

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

    **No.**

16

**K.   SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    The attorneys have not yet discussed settlement.

2. Do the parties wish to have a settlement conference:

    No.

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**L.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.
Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

    All parties agree to jurisdiction by a Magistrate Judge of this court:

    No.

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**


Report Dated: September 26, 2024

                By:/s/  *Andrew D. Bizer*
                    Andrew D. Bizer

                  BIZER & DeREUS

                  Attorneys for Plaintiff
                  Andrew D. Bizer, Esq. (LA # 30396)
                  andrew@bizerlaw.com
                  Garret S. DeReus, Esq. (LA # 35105)
                  gdereus@bizerlaw.com
                  Eva M. Kalikoff, Esq. (LA # 39932)
                  eva@bizerlaw.com
                  3319 St. Claude Ave.
                  New Orleans, LA 70117
                  T: 504-619-9999; F: 504-948-9996

\*\*\*AND\*\*\*

Melanie A. Bray, La. Bar No. 37049
J. Dalton Courson, La. Bar No. 28542
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
504-208-4151
504-272-2531 (fax)
mbray@disabilityrightsla.org
dcourson@disabilityrightsla.org