UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------------x
DISABLE RIGHTS LOUISIANA,                :
                                         :    CASE NO.: 3:24-cv-00554-JWD-SDJ
vs.                                      :
                                         :    Judge: John W. DeGravelles
NANCY LANDRY, in her official capacity   :
as Secretary of State of the State of    :    Magistrate: Scott D. Johnson
Louisiana; and ELIZABETH MURRILL, in     :
her official capacity as Attorney General of :
the State of Louisiana                   :
---------------------------------------------------------x

## MEMORANDUM IN OPPOSITION OF ATTORNEY GENERAL ELIZABETH MURRILL AND SECRETARY OF STATE NANCY LANDRY'S MOTION TO STAY DISCOVERY

Disability Rights Louisiana ("DRLA") submits this Opposition to the Motions to Stay Discovery submitted by Defendant Secretary of State Nancy Landry and Defendant Attorney General Elizabeth Murrill (collectively "Defendants"). At this stage in the proceedings, a request for a stay of discovery is not appropriate. To claim that they will be burdened by proceeding with discovery, Defendants put forth illogical arguments about the scope of needed discovery.

Defendants' request for a stay fails for several reasons. First, Defendants are not entitled to an automatic stay of discovery on the basis that they have invoked sovereign immunity. Second, both Defendants have failed to show good cause for a stay. Third, DRLA and the constituents it represents would be extremely prejudiced by the granting of a stay, with severe and irreparable harm to the voting rights of those in the disability community. Finally, the facts of this case differ from *In re Paxton*, 60 F.4th 252 (5th Cir. 2023), the main case Defendants' rely on in support of their motions to stay discovery. Each of these points will be addressed in turn.

1

I. **Sovereign immunity is not an absolute bar to discovery**

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *O'Brien v. United States*, No. 4:20-CV-477-SDJ, 2020 WL 13453355, at *1 (E.D. Tex. Nov. 12, 2020) (explaining in a case where sovereign immunity was raised that "the Court has the inherent discretionary power to stay discovery."). "The court must balance the harm from the delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery." *Rosales v. Wormuth*, No. 1:23-CV-00440-DAE, 2024 WL 1336464, at *2 (W.D. Tex. Mar. 28, 2024). While a stay is automatic in a case where qualified immunity is raised, the same is not true when a claim of sovereign immunity is raised. *Holroyd v. Dep't of Veterans Affs.*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007) (denying a motion to stay and stating "in the instant case defendant's motion to dismiss is not based on absolute or qualified immunity, but rather on sovereign immunity.").

Defendants argue that the pending Rule 12(b)(1) motion should automatically halt discovery because "where sovereign immunity applies, it applies totally."[1] This is not true. "While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." *In re WRT Energy Sec. Litig.*, No. 96 CIV. 3610 (JFK), 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996). "Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92 CIV. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). Given the well-recognized discretion of the court in deciding whether to issue a stay, this Court should deny Defendants' motions to stay

---

[1] R. Doc. 53-1, p. 2.

discovery, given that such a stay is in no way automatic or required, and Defendants have not shown good cause, as discussed below.

## II.     Defendants have not shown good cause for a stay.

Both the Attorney General and the Secretary of State have failed in their burden to show good cause for a stay. The Federal Rules of Civil Procedure should be construed to "secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1. However, district courts have the discretion to stay discovery "for good cause… to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…" Fed. R. Civ. P. 26(c).

The rules of discovery should be "accorded a broad and liberal treatment," and their purpose is to ensure "civil trials in the federal courts no longer need be carried on in the dark." *Schlangenhauf v. Holder,* 379 U.S. 104 (1964) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1946)). It is because of this basic premise that the burden to show good cause requires a showing of specific facts, not just a conclusory statement. *Carzola v. Koch Foods of Mississippi, LLC,* 838 F.3d 540, 549 (5th Cir. 2016). In fact, federal courts routinely deny requests to stay discovery because of the high burden placed on the party requesting a stay. *See e.g. U.S. ex rel. Gonzalez v. Fresenius Medical Care North America,* 571 F.Supp.2d 766 (W.D. Texas 2008); *Ferguson et al. v. Lockheed Martin Corporation,* No. 4:24-cv-00025-O (N.D. Tex. Jan. 22, 2024); *Wilson v. Sharp,* 2017 WL 11708326 (M.D. Louisiana 2017).

Merely asserting that discovery will be unduly burdensome without facts to support that assertion is not enough to satisfy the burden to show good cause. *Sneed v. Abbot*, No. CV 21-279-JWD-RLB, 2021 WL 2877239, at *5 (M.D. La. June 29, 2021) (partially denying Defendants motion to stay where their argument for good cause was "vague and conclusory"). The movant has the burden to show the necessity of the stay "which contemplates a particular and specific

3

demonstration of fact as distinguished from stereotyped and conclusory statements." *Id*. (quoting *U.S. v. Garrett*, 571 F.2d 1323, n. 3 (5th Cir. 1978)).

Here, DRLA has not yet propounded any discovery and neither defendant has provided initial disclosures. The Attorney General suggests that DRLA will be required to "substantiate that an entire class of voters was harmed by the statutes…" and that defendants will have to "search[] out disabled voters, their qualifications for the program, and the impact of the challenged statutes on **all disabled voters in the State**…"[2] It is absurd to suggest that discovery in this case will require the parties to identify and procure information from each and every individual with a disability in Louisiana and those who assist them with voting to determine how the Statutes at Issue will impact them. The Attorney General presents a fantastical nightmare of discovery, based on nothing more than speculation that discovery will have to occur as to every person with a disability in Louisiana. That argument is ridiculous.

When an associational plaintiff such as DRLA brings a claim on behalf of their constituents, they are not required to prove that every individual constituent will be injured. *Gwinnett Cnty. NAACP v. Gwinnett Cnty. Bd. of Registration & Elections*, 446 F. Supp. 3d 1111, 1119 (N.D. Ga. 2020) (citing *Arcia v. Florida Secretary of State*, 772 F.3d 1335, 1342 (11th Cir. 2014). The Attorney General's suggestion to this Court that this scope of discovery will be required is nothing more than a red herring presented in bad faith. The Attorney General does not cite to a single case which suggests that discovery as to every single individual with a disability in Louisiana will be necessary or appropriate.

---

[2] R. Doc. 53-1, p. 4 (emphasis added).

4

Likewise, the Secretary of State suggests that without a stay, she will be "prejudiced, burdened, and harassed" by discovery.[3] Given that DRLA has not yet propounded discovery on Defendants, the Secretary of State has no way of showing that such discovery requests would be prejudicial or burdensome enough to merit a protective order as envisioned by Fed. R. Civ. P. 26(c). In fact, given Defendants' speculation about any anticipated discovery being unduly burdensome, this Court should deny this broad motion to stay, and rather rule on any more specifically identified objections to discovery once it has been propounded. *See Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004) (Granting a stay in discovery, in part because the "requests served on defendants [were] overly broad and harassing").

Further, Courts often weigh "the strength of the dispositive motion filed by the party seeking a stay. *Von Drake v. Nat'l Broad. Co.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). In *Starrett v. Lockeed Martin Corporation*, the Court had evaluated defendants' pending motions to dismiss and gone so far as issuing a recommendation of dismissal. No. 3:17-CV-00988-D-BT, 2018 WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018). This indication that the dispositive motions would result in dismissal, coupled with "overly broad and harassing" discovery requests from plaintiff, merited a stay in discovery. *Id*. Even where the strength of the dispositive motion filed by the party requesting a stay is strong, that factor may be outweighed by the two other factors, that "1) the breadth of discovery sought is not excessive; and 2) [defendants] do not face a large burden in responding to such discovery." *Bowman v. Wells Fargo Bank, N.A. for Park Place Sec., Inc.*, No. 1:13-CV-389, 2014 WL 12791068, at *2 (E.D. Tex. Apr. 4, 2014) (denying Defendants' motion to stay discovery where "discovery in the instant case is neither excessive nor burdensome").

---

[3] R. Doc. 54-1, p. 6.

5

Here, Defendants have not shown good cause for a stay and their motions should be denied. Given that no discovery has yet been requested, Defendants' arguments that DRLA's discovery requests will be excessive and burdensome are purely speculative, and in fact outrageously overstated. Further, in considering the strength of the dispositive motions filed by Defendants, this Court should find that factor to weigh against Defendants here, as DRLA has established associational standing and shown that sovereign immunity is not applicable to Defendants in this case. Given the lack of good cause shown by Defendants, this motion should be denied.

### III. A stay would significantly prejudice Plaintiff's constituents.

In their motions to stay discovery, Defendants suggest that DRLA's constituents would not be prejudiced by the requested stay. This is false. Delay of discovery would likely extend the enforcement of these statutes into 2025, when several more elections are scheduled to take place.[4] DRLA's constituents will undoubtedly seek to vote with the assistance of an individual of their choosing in those elections, as is their right pursuant to Section 208 of the Voting Rights Act. The Statutes at Issue are pre-empted by Section 208 of the Voting Rights Act.[5] DRLA's constituents are prejudiced by enforcement of these Statutes, which, on their face, conflict with the federal right for an individual with a disability to vote with the assistance of an individual of their choice.

This Court should weigh the federal voting rights of hundreds of thousands of citizens in Louisiana in future elections far more heavily than any speculation about the burden that future, not-yet-issued discovery requests will have on Defendants. Moreover, the Secretary of State's argument that DRLA would not be prejudiced is riddled with inconsistencies and misunderstands associational standing. DRLA is asserting claims on behalf of constituents with disabilities all

---

[4] https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2025.pdf.
[5] R. Doc. 58, pp. 25-32.

around the state as part of its purpose as the protection and advocacy agency for Louisiana.[6] There are hundreds of thousands of individuals in this state who are disabled and will have their voting rights under Section 208 of the Voting Rights Act violated by the Statutes at Issue.[7] Individuals with disabilities and their assistants could face criminal prosecution by exercising their choice of individual assisting them with voting under the statutes at issue.[8] These individuals could be disenfranchised when the individual of their choice declines to assist them with voting to avoid any criminal consequences because of the challenged laws.[9] This is a heavy interest, and the prejudice that DRLA's constituents would suffer because of undue delay in these proceedings will be irreparable.

## IV. The facts here differ from *Paxton*

Defendants base the majority of their argument in favor of a stay of discovery on the Fifth Circuit's recent decision in *In re Paxton*, which found that the plaintiffs in that case could not obtain Texas Attorney General Ken Paxton's testimony, as sovereign immunity affords immunity from suit, including discovery, not just damages. 60 F.4th 252, 256 (5th Cir. 2023) (citing *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022)). The Fifth Circuit went further in *Paxton*, applying *Carswell v. Camp*'s limits on discovery prior to the determination of *qualified* immunity to the determination of *sovereign* immunity. *Id*. at 261 (J. Higginbotham, concurring).

However, the facts of *Paxton* differ from the facts in the present case and thus the analysis must be altered. The plaintiffs in *Paxton* were seeking testimony from the Texas Attorney General in order to argue for the purpose of the motion to dismiss, that he was not entitled to sovereign

---

[6] R. Doc. 39, ¶¶ 15-19.
[7] R. Doc. 39, ¶ 34.
[8] R. Doc. 58, pp. 12-13.
[9] R. Doc. 39, ¶ 83.

7

immunity and could be sued pursuant to *Ex Parte Young*. *Id*. at 257. The Court rejected plaintiffs' argument that Paxton's testimony about his campaign statements and tweets was necessary to decide whether he was statutorily tasked with enforcing the challenged law in ruling on sovereign immunity. *Id*. (citing *City of Austin v. Paxton,* 943 F.3d 993, 998 (5th Cir. 2019)). The jurisdictional defenses could "be assessed by reference to Texas law" rather than any testimony. *Id*.

Moreover, *Paxton* does not stand for the automatic stay of proceedings the moment sovereign immunity is invoked. Rather, it merely stands for the notion that the immunity defense should be resolved before taking "apex testimony." *Id*. at 257-58 ("The district court had a non-discretionary duty to ascertain its jurisdiction by ruling on Paxton's motion to dismiss before allowing Paxton to be subpoenaed"). There is nothing that indicates that a stay must be in place before parties have exchanged initial disclosures or before a single discovery request has been made. Both the Attorney General and the Secretary of State have asked this Court for extraordinary measures: stopping the case entirely until the sovereign immunity question is answered. At this juncture, it is premature to halt the case and order to stay discovery when no discovery has been requested and a delay in the proceedings will unduly harm the constituents DRLA represents.

## CONCLUSION

Defendants' motions to stay discovery should be denied for the foregoing reasons. Discovery should proceed in order to prevent prejudicing Plaintiff.

Respectfully submitted,

By: /s/ *Eva M. Kalikoff*
　　　Eva M. Kalikoff

BIZER & DeREUS

Attorneys for Plaintiff
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
Eva M. Kalikoff, Esq. (LA # 39932)
eva@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

Melanie A. Bray, La. Bar No. 37049
J. Dalton Courson, La. Bar No. 28542
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
504-208-4151
504-272-2531 (fax)
mbray@disabilityrightsla.org
dcourson@disabilityrightsla.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2024, the foregoing pleading has been or will be delivered to counsel of record for all parties via ECF filing.

By: /s/ Eva M. Kalikoff
　　EVA M. KALIKOFF

9