UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------------x
DISABLED RIGHTS LOUISIANA,           :
                                      :    CASE NO.: 3:24-cv-00554-JWD-SDJ
vs.                                   :
                                      :    Judge: John W. DeGravelles
NANCY LANDRY, in her official capacity :
as Secretary of State of the State of  :    Magistrate: Scott D. Johnson
Louisiana; and ELIZABETH MURRILL, in  :
her official capacity as Attorney General of :
the State of Louisiana                 :
---------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL

Disability Rights Louisiana ("Plaintiff") provides this memorandum in support of its motion for voluntary dismissal of this action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2).

As the Court is aware, Plaintiff is the designated protection-and-advocacy organization for persons with disabilities in the State of Louisiana. Plaintiff filed this action seeking to enjoin the enforcement of four state laws (Acts 302, 317 380, and 712 of the 2024 Louisiana legislative session) that collectively place limits on the ability of persons with disabilities to select who assists them with voting and to access the ballot box. *See, e.g.,* First Amended Complaint, Rec. Doc. 39, at ¶¶ 6-11. Collectively, these laws prohibit anyone from assisting with delivery of more than one absentee ballot and from assisting more than one individual with their ballot. Plaintiff contends that enforcement of these laws will disenfranchise some persons with disabilities, and Plaintiff has contended and continues to believe that these laws violate Section 208 of the Voting Rights Act.

Although Plaintiff moved for a preliminary injunction citing the then-upcoming November 2024 presidential election, the Court declined to issue an injunction based on the application of *Purcell v. Gonzalez* and its progeny. Ruling & Order dated July 29, 2024, Rec. Doc. 33. Since

that election, Plaintiff has worked to gather information from its constituents—persons with disabilities in the State of Louisiana—regarding Defendants' enforcement of the new voting statutes at issue. Based on this information-gathering since the election, Plaintiff has not yet identified an instance during the November or December 2024 elections where Defendants, or another Louisiana state or parish official, in fact declined to accept a ballot or otherwise enforced the laws in a manner that caused the ballot of a voter with a disability to be discounted.

Thus, Plaintiff now moves to dismiss this action without prejudice. Defendant Murrill filed an answer to an earlier version of the complaint (Rec. Doc. 35), which precludes unilateral dismissal by notice under Rule 41(a)(1)(A)(i) as to her. *See Welsh v. Correct Care, L.L.C.,* 915 F.3d 341 (5th Cir. 2019). Plaintiff therefore moves for voluntary dismissal by court order. Plaintiff respectfully seeks to reserve the right to bring claims to enforce Section 208 at a later time if Defendants or other Louisiana elections officials proceed to enforce the statutes at issue in a manner that contravenes the voting rights that Section 208 guarantees to persons with disabilities. However, Plaintiff respectfully represents in accordance with Local Rule 41(a) that Plaintiff has no immediate plan to refile this action.

Rule 41(a)(2) permits voluntary dismissal on motion "on terms that the court considers proper." "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. Proc. 41(a)(2). The general rule is that the Court should grant a voluntary dismissal without prejudice absent a showing of harm to the defendants. As the Fifth Circuit Court of Appeals has stated, "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc*., 528 F.2d 601, 604 (1976). "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal

2

prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). "If the non-movant will not suffer plain legal prejudice, then a motion under Rule 41(a)(2) should be freely granted." *Melford v. Territo*, No. CV 05-1405-JVP-DLD, 2008 WL 11411256, at *4 (M.D. La. Jan. 16, 2008).

Here, Defendants will not sustain "plain legal prejudice" by dismissal of this action without conditions. This case remains at an early stage. Discovery has not commenced, and therefore Defendants have not incurred discovery costs. No trial date has been set. Defendants will not be prevented from offering any applicable defenses that they may have in response to any future action to enforce Section 208, if one is filed. Thus, the Court should follow the "general rule" and "freely grant" the motion for voluntary dismissal, without conditions. *Elbaor*, 279 F.3d at 317; *see also Crawley, L.L.C. v. Trans-Net, Inc.*, 394 Fed. App'x 76, 79 (5th Cir. 2010) (affirming trial court's granting of voluntary dismissal without conditions as within the district court's discretion when "only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun" despite extensive motion practice).

Finally, Plaintiff notes that the Defendants filed motions to dismiss for lack of subject matter jurisdiction, which Plaintiff opposed (Rec. Docs. 47, 51). Those motions are pending. If the Court were to agree with Defendants' arguments in those motions, Plaintiff notes that the result would be the same as the relief that Plaintiff requests here. Dismissal for lack of subject matter jurisdiction a dismissal should be made without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020). Thus, while Plaintiff does not withdraw the arguments that it submitted in

opposition to those motions, Plaintiff consents to entry of the relief that would be granted if the Court found a lack of subject matter jurisdiction—entry of a dismissal without prejudice—though for a different reason than the reason Defendants have argued.

WHEREFORE, Plaintiff Disability Rights Louisiana respectfully moves for dismissal of this action without prejudice.

Respectfully submitted, this 12th day of February, 2025.

By:/s/  *Garret S. DeReus*
      Garret S. DeReus

BIZER & DeREUS

Attorneys for Plaintiff
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
Eva M. Kalikoff, Esq. (LA # 39932)
eva@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

Melanie A. Bray, La. Bar No. 37049
J. Dalton Courson, La. Bar No. 28542
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
504-208-4151
504-272-2531 (fax)
mbray@disabilityrightsla.org
dcourson@disabilityrightsla.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2025, the foregoing pleading has been or will be delivered to counsel of record for all parties via ECF filing.

By: /s/ Garret S. DeReus
    GARRET S. DEREUS